SHAWN N. ANDERSON
United States Attorney
MIKEL W. SCHWAB
Chief, Civil Division
JESSICA F. WESSLING
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone/Facsimile: (671) 472-7332/(671) 472-7215

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN, Attorney in Charge
West Coast and Pacific Rim Office
FRANK J. ANDERS, Trial Attorney
Torts Branch, Civil Division
Aviation, Space & Admiralty Litigation
U.S. Department of Justice
450 Golden Gate Avenue, P.O. Box 36028
San Francisco, CA  94102
Telephone/Facsimile: (415) 436-6648/(415) 436-6632
Email: eric.kaufman-cohen@usdoj.gov/frank.j.anders@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT
DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:23-cv-00001 |
| Plaintiff, | IN ADMIRALTY |
| vs. | |
| M/S NIPPON MARU, her engines, apparel, tackle, appurtenances, *etc*., *in rem;* MITSUI O.S.K. PASSENGER LINE LTD. and MITSUI O.S.K. LINES LTD, *in personam* | VERIFIED COMPLAINT OF THE UNITED STATES |
| Defendants. | |

VERIFIED COMPLAINT      1      Case No.: 1:23-cv-00001

Plaintiff, the United States of America, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is a case of admiralty and maritime jurisdiction against Defendants M/S NIPPON MARU, her engines, apparel, tackle, appurtenances, *etc., in rem*, and MITSUI O.S.K. PASSENGER LINE LTD. and MITSUI O.S.K. LINES LTD *in personam*, as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States expressly reserves the right to amend this Complaint to, *inter alia*, add additional parties and assert additional claims against such additional parties and the present defendants herein.

## JURISDICTION AND VENUE

3. The United States is authorized to bring this suit pursuant to 28 U.S.C. § 1345.

4. Venue is properly in this Court pursuant to 28 U.S.C. §§ 1391(c) and 1395.

## DEFENDANTS

5. At all times material herein, the M/S NIPPON MARU was, and continues to be, a passenger ship sailing under the flag of Japan, and was, and continues to be, operated in, *inter alia*, navigable waters of the Pacific Ocean in and near Guam Island, an unincorporated territory of the United States, and at all material times hereto was within the jurisdiction of this Court with respect to the matters alleged in this Complaint.

6. At all times material herein, defendant MITSUI O.S.K. PASSENGER LINE LTD, pursuant to information or belief, was, and is, a foreign corporation or entity, and was doing business within this district and within the jurisdiction of this Court, including but not limited to, its ownership, chartering, and operation of the M/S NIPPON MARU at the time of, and with respect to, the matters sued upon herein.

7. At all times material herein, defendant MITSUI O.S.K. PASSENGER LINE LTD, based upon information and belief, was the owner of the M/S NIPPON MARU.

8. At all times material herein, defendant MITSUI O.S.K. PASSENGER LINE LTD, based upon information and belief, was the demise charterer of the M/S NIPPON MARU.

9. At all times material herein, defendant MITSUI O.S.K. PASSENGER LINE LTD, based upon information and belief, was the owner *pro hac vice* of the M/S NIPPON MARU.

10. At all times material herein, defendant MITSUI O.S.K. PASSENGER LINE LTD, based upon information and belief, was the operator of the M/S NIPPON MARU.

11. At all times material herein, defendant MITSUI O.S.K. PASSENGER LINE LTD, based upon information and belief, controlled the M/S NIPPON MARU.

12. At all times material herein, defendant MITSUI O.S.K. LINES LTD, pursuant to information or belief, was, and is, a foreign corporation or entity, and was doing business within this district and within the jurisdiction of this Court, including but not

limited to, its ownership, chartering, and operation of the M/S NIPPON MARU at the time of, and with respect to, the matters sued upon herein.

13. At all times material herein, defendant MITSUI O.S.K. LINES LTD, based upon information and belief, was the owner of the M/S NIPPON MARU.

14. At all times material herein, defendant MITSUI O.S.K. LINES LTD, based upon information and belief, was the demise charterer of the M/S NIPPON MARU.

15. At all times material herein, defendant MITSUI O.S.K. LINES LTD, based upon information and belief, was the owner *pro hac vice* of the M/S NIPPON MARU.

16. At all times material herein, defendant MITSUI O.S.K. LINES LTD, based upon information and belief, was the operator of the M/S NIPPON MARU.

17. At all times material herein, defendant MITSUI O.S.K. LINES LTD, based upon information and belief, controlled the M/S NIPPON MARU.

18. At all times material herein, MITSUI O.S.K. PASSENGER LINE LTD. and MITSUI O.S.K. LINES LTD, as well as other persons or entities whose identities are not yet known, were at all material times, and pursuant to information or belief, acting as agents and/or alter egos of each other with respect to the matters alleged in this Complaint and are therefore responsible and liable, jointly and severally, for all of each of the others' obligations, acts, omissions, and liability with respect to the matters alleged in this Complaint and action.

VERIFIED COMPLAINT 4 Case No.: 1:23-cv-00001

# GENERAL ALLEGATIONS

19. At all times material herein, The United States, by and through the Department of Navy, was, and is, the owner and operator of a fueling wharf in Apra Harbor, Guam.

20. At 2113 local time on December 30, 2018, the stern of the M/S NIPPON MARU struck the Department of the Navy's fueling wharf in Apra Harbor while the vessel was maneuvering in a turning basin after getting under way from the harbor's commercial port, resulting in no less than $8,006,397.10 in damages to the Navy's fueling wharf.

21. The United States and defendants herein entered into a succession of tolling agreements under which it was agreed that the statute of limitations on any and all causes of action and claims the United States may have against defendants herein was tolled beyond the statutory limit in order to facilitate a settlement of this matter. Despite the best efforts of the parties herein, a settlement was not reached. The most recent tolling agreement entered into by the parties herein tolled the statute of limitations to March 13, 2023. Accordingly, defendants herein have waived their right to assert the running of the statute of limitations as a defense to this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (NEGLIGENCE *PER SE*)

22. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

23. At all times material hereto, the M/S NIPPON MARU was in the control of *in personam* defendants herein by and through their employee, servant, and Master of the vessel.

24. At all material times herein defendants, and each of them, owed a duty of care to the United States to exercise such care and skill in the navigation of the M/S NIPPON MARU so as not to allide with, and cause damage to, the Department of the Navy's fueling wharf locating in Apra Harbor. This failure to exercise such care and skill in the navigation of the M/S NIPPON MARU include, *inter alia,* a failure on the part of the Master of the ship, an employee and servant of *in personam* defendants, to conduct a formal master/pilot exchange, which was required by the ship's SMS, a failure on the part of the Master of the vessel to keep in radio contact with the tug assisting in the maneuvering of the NIPPON MARU and a failure on the part of the Master to maintain situational awareness during his navigation of the vessel which resulted in the allision with, and damage to, the Department of the Navy's fueling wharf.

25. It is presumed that defendant M/S NIPPON MARU was at fault for causing damage to the Naval fueling wharf because at the time of the allision she was underway and the fueling wharf was, and remained, stationary. *The Oregon,* 158 U.S. 186 (1895).

26. Defendants MITSUI O.S.K. PASSENGER LINE LTD, and MITSUI O.S.K. LINES LTD, were each exclusively in control of defendant M/S NIPPON MARU at the time of the allision by and through its employee and servant, the Master of the vessel. An allision by a vessel underway and a stationary object does not occur in the absence of

negligence.  Hence, the allision here, and the damage to the Naval fueling wharf, were presumably caused by the negligence of defendants herein, and each of them.

27. At all times pertinent herein, the United States, by and through the Department of Navy, exercised due care and the allision and consequential damages set forth herein were not caused or contributed to by the United States, its officers, agents, or employees, but was caused solely by the fault and negligence of defendants herein, and each of them.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS MITSUI O.S.K. PASSENGER LINE LTD AND MITSUI O.S.K. LINES LTD
## (PUNITIVE DAMAGES)

28. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

29. The United States alleges upon information and belief that at the time of the allision the Master of the M/S NIPPON MARU, an employee and servant of *in personam* defendants herein, was under the influence of alcohol and that after the incident he had a confirmatory positive breath alcohol test over the statutory limit set forth in Title 33 of the Code of Federal Regulations Part 95.  Consequently, it is alleged on information and belief, that at the time of the allision the vessel was being navigated by a Master, and employee and servant of *in personam* defendants herein, who was in violation of a statutory rule intended to prevent such an allision.  As such, it is presumed that the damage to the Navy's fueling wharf was caused solely by the fault of *in personam* defendants herein.  *The Pennsylvania*, 86 U.S. 125 (1874).

30. The willful and wanton misconduct of the Master, and employee of *in personam* defendants herein, in navigating the M/S NIPPON MARU while under the influence of alcohol entitles the United States to punitive damages.

**WHEREFORE**, the United States of America prays as follows:

1. That the United States of America be granted judgment against the M/S NIPPON MARU, *in rem,* and against MITSUI O.S.K. PASSENGER LINE LTD and MITSUI O.S.K. LINES LTD, *in personam*, pursuant to the Complaint of the United States herein;

2. That the United States of America be declared holder of a preferred maritime lien against the M/S NIPPON MARU;

3. That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims this Honorable Court enter an order authorizing a warrant for the arrest of the M/S NIPPON MARU, her engines, apparel, tackle, appurtenances*, etc.*;

4. That a warrant be issued for the arrest of the M/S NIPPON MARU, together with her tackle, apparel, and appurtenances, *etc.*;

5. That judgment of condemnation and sale be entered against the M/S NIPPON MARU, together with her tackle, apparel, and appurtenances, *etc.*;

6. That an order for interlocutory sale of the M/S NIPPON MARU be issued pursuant to Supplemental Admiralty Rule E(9)(b).

7. That the M/S NIPPON MARU be sold and that the amount of the United States' claim with interest and costs be paid out of the proceeds thereof.

8. For punitive damages as warranted for the willful and wanton misconduct set forth herein.

9. The United States expressly reserves the right to amend this Complaint to add parties and/or causes of action, as may be necessary; and

10. For such other relief as the Court deems just and proper.

Dated: March 1, 2023
SHAWN N. ANDERSON
United States Attorney
MIKEL W. SCHWAB
Chief, Civil Division
JESSICA F. WESSLING
Assistant U.S. Attorney

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

s/ Eric Kaufman-Cohen
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Office
FRANK J. ANDERS
Trial Attorney
Torts Branch, Civil Division
Aviation, Space & Admiralty Litigation
U.S. Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## VERIFICATION

I, Eric Kaufman-Cohen, declare:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: March 1, 2023               s/Eric Kaufman-Cohen
                                   ERIC KAUFMAN-COHEN